IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.** **4:19-CR-00421-01-JM**
**4:23-CV-00424-JM**

**DEVION MARQUETTE CUMBIE**

# ORDER

Pending is Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 124). For the reasons set out below, the motions are DENIED.

## I. BACKGROUND

On June 18, 2020, a jury found Defendant guilty of two counts of attempted production of child pornography, four counts of extortion, and one count of production of child pornography.[1] On January 14, 2021, he was sentenced to 300 months in prison.[2] The Eighth Circuit affirmed.[3]

Defendant asserts ineffective assistance of counsel claims alleging that his lawyer: (1) "failed to instigate a jail-phone call between the Government's Chief witness, Sandi Hillard" and Defendant where "Ms. Hillard admitted to lying under oath to get even with" him; (2) failed to interview Tyron McClure and Markeyvous Scales, who would have confirmed "the defense's theory . . . that Eric Primeaux sent illegal text messages from [his] phone . . . ."; and (3) failed to investigate impeachment evidence that could have been provided by Defendant's mother and

[1]Doc. Nos. 71, 77-83.

[2]Doc. Nos. 92, 93.

[3]Doc. No. 113.

sister.[4]

## II. DISCUSSION – Ineffective Assistance

To prevail on a claim of ineffective assistance of counsel, Defendant must first show that his counsel's performance fell below an objective standard of reasonableness.[5] He must identify the lawyer's acts or omissions that are alleged to constitute unreasonable professional judgment.[6] Then, the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[7] Defendant faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[8]

If Defendant establishes deficient performance by his lawyer, he still must establish prejudice.[9] Defendant must demonstrate that, but for his lawyer's errors, there is a reasonable probability the result of the proceeding would have been different.[10]

So, the test has two parts: deficient performance and prejudice. If Defendant fails to establish either part of this test, the Court need not consider the remaining part of the test.[11]

---

[4]Doc. No. 124 at 4-5, 20.

[5]See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

[6]*Strickland*, 466 U.S. at 690.

[7]*Id*.

[8]*Id*. at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[9]*Strickland*, 466 U.S. at 694.

[10]*Id*. ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

**A. Failure to Investigate Sandi Hillard**

Defendant asserts that her lawyer failed to investigate "a jail-phone call between the Government's [c]hief witness, Sandi Hillard" who "admitted lying under oath to get even with" Defendant for their failed relationship.[12] First, Exhibit A, which Defendant alleges is a transcript of a telephone call between him and Ms. Hillard, does not designate who is talking. As best the Court can tell, Ms. Hillard does not say she lied to get even with Defendant. Rather, she claims she chose her words carefully and tried to help him. Notably, Defendant is the one telling Ms. Hillard how she should have testified: "Should've told them folks, fuck you. I ain't got nothing to say. Hood at the end of the day . . . no matter . . . how we ended up."[13] The overall gist of the conversation is that he is mad that she testified at all, not that she lied.[14] Second, Ms. Hillard was not the Government's "[c]hief witness." Rather, her testimony related to Defendant treating her the way he treated the victims in this case, *i.e.*, threatening to expose people when they did not do whatever he told them to do. This testimony simply tied up all the other testimony related to Defendant's requests for nude images or videos from females (some of whom were underage or who he thought were underage) and threatening to extort the females who refused to provide the images or videos. Third, Defendant's lawyer cross-examined Ms. Hillard and repeatedly pointed that alleged "extortion" attempts from Defendant toward Ms.

---

[11]*Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

[12]Doc. No. 124 at 4, 17.

[13]*Id.* at 28.

[14]"The law, they can subpoena you and you're supposed to show up, but they can't control what your testimony is on that stand." I wouldn't got on the motherfucker stand and been like, I don't even know why I'm fucking here." Doc. No. 124 at 31.

Hillard were always when they were in an argument.[15] Defendant has not established deficient performance.

**B. Failure to Investigate Credible Witness For Movant's Defense**[16]

Defendant assets "Markeyvous Scales acted in good faith and came to movant's trial but was prevented by the government from testifying because he was not subpoenaed."[17] Actually, Mr. Scales did not testify because Defendant's lawyer chose not to call him. This was a strategic move. Had Mr. Scales been called, he would have been cross-examined as to his attendance at the first trial and being in the courtroom when Defendant testified in violation of "The Rule"; talking on the phone with Defendant during the middle of the first trial; and misleading the Court regarding the last time he had talked to Defendant.[18] Again, even if Mr. Scales had testified, it would not have changed the overwhelming weight of the evidence that Defendant was responsible for contacting and extorting the victims. Defendant did his best to point the finger at Mr. Primeaux, but the jury rejected his defense. Notably, Defendant's wife even pled guilty to perjury after lying to the grand jury while trying to pin Defendant's illegal actions on Mr. Primeaux.[19]

---

[15]Doc. No. 104 at 446.

[16]Although Defendant asserts that testimony from Tyron McClure would have supported his defense, he has not explained what the testimony would have been or how it would have changed the outcome of the case.

[17]Doc. No. 124 at 19-20.

[18]Doc. No. 103 at 365-367.

[19]*United States v. Cervantes*, No. 4:21-CR-00210-JM (E.D. Ark.), Doc. Nos. 1, 17, 22.

**C. Failure to Investigate Impeachment Witnesses**

Defendant assert that his lawyer failed to consider potential testimony from his mother and sister regarding their interpretation of a text message from Ms. Hillard to Defendant. First, Defendant's lawyer clearly investigated the issue because Defendant's mother admitted that Defendant's lawyer talked to her about Ms. Hillard's potential testimony. Second, their opinions about a text message from Ms. Hillard to Defendant would not have been admissible testimony. Third, even assuming that Ms. Hillard texted Defendant "[a]in't no body gone come fuck me over think they not gone get fucked in return, LOOK OUT NOW," that does not mean she lied.[20] Third, the jury was aware that Ms. Hillard was Defendant's ex and that they had a turbulent past. The jury could (and did) give her testimony the credit they believe was warranted in light of these facts.

**D. Prejudice**

A § 2255 petition is not intended to be a "Monday-morning quarterback session."[21] Typically, "strategic decisions [are] virtually unchallengeable unless they are based on deficient investigation, in which case the 'presumption of sound trial strategy . . . founders on the rocks of ignorance.'"[22] The allegations here fall far short of this high bar. Even if Defendant's complaints about his lawyer's performance could establish deficient performance (which they do not), he has not established prejudice because he cannot overcome the "extensive corroborating

---

[20]Doc. No. 124 at 25.

[21]*Schumacher v. Hopkins*, 83 F.3d 1034, 1036–37 (8th Cir. 1996) ("In considering the first prong, we must defer to counsel's strategic decisions and must not succumb to the temptation to be Monday morning quarterbacks.").

[22]*Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006) (quoting *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005)).

evidence from other sources" regarding his involvement in the counts of conviction.[23] Finally, "there is no prejudice if, factoring in the uncalled witnesses, the government's case remains overwhelming."[24]

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 124) is DENIED.

IT IS SO ORDERED this 9th day of May, 2023.

UNITED STATES DISTRICT JUDGE

[23] *United States v. Orr*, 636 F.3d 944, 954 (8th Cir. 2011).

[24] *McCauley-Bey v. Delo*, 97 F.3d 1104, 1106 (8th Cir. 1996).