**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                    **4:19-CR-00421-01-JM**

**DEVION MARQUETTE CUMBIE**

**ORDER**

Pending is Defendant's motion for new trial on the basis of newly discovered evidence. (Doc. No. 139). The United States filed a motion to dismiss Defendant's motion for new trial, which the Court will treat as its response to the motion for new trial. (Doc. No. 140).

On June 18, 2020, Defendant was convicted by a jury of two counts of attempted production of child pornography, four counts of extortion, and one count of production of child pornography. His conviction was affirmed by the Eighth Circuit on March 17, 2022. Defendant filed a § 2255 motion to vacate or set aside his sentence in May of 2023. One of the arguments he made was that his lawyer was ineffective for failing to investigate a post-conviction phone conversation he had with witness Sandi Hillard while he was in prison. The Court denied Defendant's § 2255 motion, and the Eighth Circuit denied a certificate of appealability on September 1, 2023. Now, over two years later, Defendant filed a motion for new trial based on claimed "newly discovered evidence." That evidence is the same phone conversation he had with Hillard.

On a defendant's motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). If the motion is based on newly discovered evidence, it "must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). As argued by the United States in its response (Doc. No. 140), Defendant's

motion is untimely, and it is denied on this ground. Furthermore, the evidence he relies on is not newly discovered, and the interests of justice would not be served by granting the motion.

Defendant's Motion for New Trial (Doc. No. 139) is DENIED.

IT IS SO ORDERED this 29th day of April, 2026.

_____
UNITED STATES DISTRICT JUDGE